JOSÉ DELGADO-GONZÁLEZ, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 528.—Decided February 15, 1927.

*M. Rodríguez Serra* for the petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

In this motion for a reconsideration the petitioner has presented several questions which we disposed of in our main opinion and which we do not find were presented to the judge of the district court in the several requests for reconsideration which were directed to him. Section 140 of the Code of Civil Procedure was not invoked by the petitioner in any of his requests to the district judge.

Nor do we find that any of the failures to notify the petitioner of the orders or judgments rendered against him were drawn to the attention of the judge. In the lower

court the petitioner principally relied on his belief that the order of filing away of the original complaint relieved the petitioner of any necessity of following the proceeding.

The District Court of Humacao said:

"In this suit, which is one for the trial of the right to personal property, an order was made on November 21, 1924, providing that the case be filed away because of abandonment or want of prosecution. This ruling was notified on the same date to Celestino Benítez, attorney for the intervenor.

"On May 6, 1926, that is, one year, five months and fifteen days later, Avelino Márquez Díaz, alleging that the intervenor had not returned the attached property notwithstanding the time that had elapsed, moved for judgment against the plaintiff and his bondsmen for the value of such property, with interest at the rate of 6% from August 30, 1922. This motion was granted by an order made on May 12, 1926, based on sections 14 and 15 of the Act to provide for the trial of the right to property, approved March 14, 1907."

The petitioner complains of a lack of notice of the order of the 21st of November, 1924, but our original opinion makes it perfectly clear that this order was communicated to the attorney who appeared of record, and the order of that date shows that the motion was duly set down for hearing, and presumptively that the attorneys were duly notified of the hearing.

The petitioner says that the real judgment in the case was the one rendered in November, 1924. If this is so, then the petitioner clearly had notice of that order and has no right to complain. Our idea was that the decision of May 6, 1926, was the final judgment, and if we are correct in supposing this our assumption was favorable to the petitioner, inasmuch as then the time which he had allowed to elapse without taking steps would have seemed shorter.

In any event, we have become convinced that the petitioner or, what is the same thing, his attorney or attorneys, failed to prosecute the trial of the right of property, and the motion for a reconsideration must be denied.